| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **HYDE & SWIGART** |
| Abbas Kazerounian, Esq. (249203) | Joshua B. Swigart, Esq. (225557) |
| ak@kazlg.com | josh@westcoastlitigation.com |
| Matthew M. Loker, Esq. (279939) | Alexander H. Lim, Esq. (297525) |
| ml@kazlg.com | alex@westcoastlitigation.com |
| 245 Fischer Avenue, Unit D1 | 2221 Camino Del Rio South, Suite 101 |
| Costa Mesa, CA 92626 | San Diego, CA 92108 |
| Telephone: (800) 400-6808 | Telephone: (619) 233-7770 |
| Facsimile: (800) 520-5523 | Facsimile: (619) 297-1022 |

*Attorneys for Plaintiffs*,
William Pace and Elisabeth Pace

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PACE, AND ELISABETH PACE, | Case No.: **'15CV2289 AJB BLM** |
| Plaintiffs, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | I. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;** |
| SAN DIEGO COUNTY CREDIT UNION; AND, TRANSUNION, LLC, | |
| Defendants. | II. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.; AND,** |
| | III. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.** |
| | **JURY TRIAL DEMANDED** |

///
///
///
///
///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. WILLIAM PACE ("Mr. Pace" or "Plaintiffs") and ELISABETH PACE ("Mrs. Pace" or "Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the actions of SAN DIEGO COUNTY CREDIT UNION ("SDCCU" or "Defendants"), and TRANSUNION, LLC ("TransUnion" or "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs' damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

7. Unless otherwise indicated, the use of any Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681, and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of (i) the Rosenthal Fair Debt Collection Act, Cal. Civ. Code § 1788, et seq.; (ii) the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.; and, (iii) California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.1 ("CCCRAA").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the City of Escondido, County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiffs are natural persons who reside in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are both a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Plaintiffs are informed and believe, and thereon allege, that SDCCU is a company operating from the City of San Diego, State of California.

14. Plaintiffs are informed and believe, and thereon allege, that TransUnion is a limited liability company incorporated in the State of Delaware.

15. Plaintiffs are informed and believe, and thereon alleges that SDCCU, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. In addition, SDCCU is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. The causes of action herein also pertain to Plaintiffs' "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiffs are individuals residing in the State of California.

///

21. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendants conducted business in the State of California.

22. Some time before November 2010, Plaintiffs allegedly incurred financial obligations to the original creditor, SDCCU, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs dispute this alleged debt.

24. Subsequently, but before November 5, 2010, the alleged debt was allegedly assigned, placed, or otherwise transferred, to MCT Group ("MCT") for collection.

25. On November 5, 2010, MCT initiated a lawsuit in the State of California against Plaintiffs in an attempt to collect the alleged debt, court case number 37-2010-00061587-CU-CL-NC, *MCT Group v. William Bruce Pace; Elisabeth Pace aka Elisabeth Kotzakidou Pace aka Elisabeth Kotzakidou, and Does 1 to 10, Inclusive*, in the Superior Court of California, San Diego County ("the State Action").

26. Through the State Action, Plaintiffs and MCT agreed to settle the matter for an amount acceptable to all parties.

27. On or about August 22, 2013, Plaintiffs fulfilled its obligation to MCT pursuant to the settlement agreement and, on September 4, 2013, received a letter from MCT confirming that the account had been paid in full.

28. Despite this, SDCCU continued to report Plaintiffs' account to the credit reporting agencies as delinquent.

///

///

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

29. Upon being notified that SDCCU was reporting the inaccurate information to Plaintiffs' credit reports, Plaintiffs immediately disputed the alleged debt with TransUnion in July 2015. In said dispute, Plaintiffs informed SDCCU and the credit bureaus that Plaintiffs' alleged debt had been paid in full as a result of the State Action.

30. Following reinvestigation, both Equifax and Experian deleted the inaccurate information from Plaintiffs' credit reports.

31. Despite receipt of the information supporting Plaintiffs' claims, SDCCU verified the inaccurate information TransUnion continued to report said information. To date, this derogatory mark remains on Plaintiff's credit report.

32. Due to Defendants' failure to investigate, Defendants failed to update Plaintiffs' credit files with the correct information and continue to report inaccurate information in violation of the FCRA.

33. By inaccurately reporting Plaintiffs' alleged delinquency, Defendants failed to take reasonable procedures to assure maximum accuracy of information concerning Plaintiffs' credit files and is in violation of 15 U.S.C. § 1681 et seq.

34. As a result of Defendants' action and inaction, Plaintiffs have suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiffs have further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

35. As discussed below, the inaccurate information on Plaintiffs' credit reports has caused Plaintiffs actual damages through the revocation of a car loan.

36. Plaintiffs were denied a car loan through BMW of Vista ("BMW") based upon the dealer's preliminary review of Plaintiffs' credit worthiness.

37. In its denial letter, BMW provided reasons for the adverse action, which included "Serious delinquency" and "Time since delinquency is too recent."

38. A review of Plaintiffs' TransUnion reports, acquired at the same time as BMW's denial, reveals that the only delinquent account listed by TransUnion under "Adverse Accounts" was SDCCU's erroneous reporting of Plaintiffs' alleged debt. Specifically, SDCCU has been reporting Plaintiffs' account as 120 days delinquent since October 2013, one month after Plaintiffs had paid the debt in full under the State Action.

39. As a result, Plaintiffs acquired financing for the vehicle through a different lending institution which the Plaintiffs allege resulted in a higher interest rate than they would have received had SDCCU reported accurate information on Plaintiffs' credit reports.

40. Through this conduct, SDCCU violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiffs in connection with the collection of Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SDCCU violated Cal. Civ. Code § 1788.17.

41. Through this conduct, SDCCU violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SDCCU violated Cal. Civ. Code § 1788.17.

42. Through this conduct, SDCCU violated 15 U.S.C. § 1692e(2)(A) by false representing the character, amount and legal status of Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SDCCU violated Cal. Civ. Code § 1788.17.

43. Through this conduct, SDCCU violated 15 U.S.C. § 1692e(8) by knowingly communicating false information to the credit bureaus, including TransUnion.

This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SDCCU violated Cal. Civ. Code § 1788.17.

44. Through this conduct, SDCCU violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SDCCU violated Cal. Civ. Code § 1788.17.

45. Through this conduct, SDCCU violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SDCCU violated Cal. Civ. Code § 1788.17.

46. Through this conduct, SDCCU violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating Plaintiffs' alleged debt nor permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, SDCCU violated Cal. Civ. Code § 1788.17.

47. Thus, Defendants took actions against Plaintiffs concerning the alleged violation of the statute discussed above. Consequently, Defendants have violated 15 U.S.C. §§ 1681 et seq.; Cal. Civ. Code § 1785.1; and, Cal. Civ. Code § 1788.17.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681 ET SEQ.**

**[AGAINST ALL DEFENDANTS]**

48. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

50. Defendants' violations include, but are not limited to the following:

    a. Defendants violated 15 U.S.C. § 1681s-2(a)(1)(A) by furnishing the Plaintiffs' information to a consumer reporting agency when Defendants knew or had reasonable cause to believe that the information was inaccurate.

51. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs in the sum of Plaintiffs' actual damages, punitive damages, costs, and reasonable attorney's fees.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code § 1788, et seq.
### [AGAINST SDCCU ONLY]

52. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

54. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant SDCCU.

## COUNT III

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Cal. Civ. Code § 1785.1, et seq.
### [AGAINST SDCCU ONLY]

55. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

57. In the regular course of its business operations, SDCCU routinely furnishes information to credit reporting agencies pertaining to transactions between SDCCU and SDCCU's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

58. Because SDCCU is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), SDCCU is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since SDCCU allegedly received all documents required to collect Plaintiffs' alleged debt, SDCCU should have also known that Plaintiffs' alleged debt had been paid in full.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendants for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

///

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief the Court deems just and proper.

///
///
///

## TRIAL BY JURY

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: October 12, 2015

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
      MATTHEW M. LOKER, ESQ.
      ATTORNEY FOR PLAINTIFF